IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

ADAM STUART VANNOY,
    Defendant.

CASE NO: **4:21MJ3043**

**DETENTION ORDER**

  On the government's motion, the court afforded the defendant an opportunity for a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f). The court concludes the defendant must be detained.

  There is a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the defendant's appearance at court proceedings and the safety of the community because there is probable cause to believe the defendant committed a firearms crime for which the defendant could be required to serve ten or more years in prison. See 18:922(g)(3) and 18:924(a)(2). The defendant has not rebutted this presumption.

  Based on the evidence presented and information of record, the court finds by a preponderance of the evidence that the defendant's release would pose a risk of nonappearance at court proceedings, and by clear and convincing evidence that the defendant's release would pose a risk of harm to the public.

  Specifically, the court finds that the defendant participated in a road rage incident that threatened harm to others; abuses mood-altering chemicals; has limited employment contacts; has limited contacts with Nebraska; had a significant cache of firearms (including automatic rifle(s)) and ammunition in his vehicle when it was stopped; after being released in state court on charges of

using a weapon to commit a felony and unlawful possession of a controlled substance, defendant went to significant lengths to again obtain a firearm, including travelling to Eastern Iowa to purchase a gun; possessed multiple components needed to construct a gun; commented that he was surprised his friends did not suspect him of being involved in the recent Colorado mass shooting; has mental health issues which will pose a risk of harm if the defendant is released; and conditions which restrict Defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

## Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Dated April 14, 2021.

                                              BY THE COURT:

                                              *s/ Cheryl R. Zwart*
                                              United States Magistrate Judge